IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **BRANDON MORRALL,** : | |
| : | |
| **Plaintiff,** : | |
| VS. : | |
| : | NO. 5:24-CV-170-TES-MSH |
| **District Attorney ANITA** : | |
| **HOWARD; Assistant District** : | |
| **Attorney SANDRA MATSON,** : | |
| : | |
| **Defendants.** : | |
| _____ : | |

## ORDER

Plaintiff Brandon Morrall, a prisoner incarcerated in Macon State Prison in Oglethorpe, Georgia, filed a *pro se* complaint seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff also seeks leave to proceed *in forma pauperis*. ECF No. 3. For the reasons discussed below, it is **ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 3) is **DENIED** and this action is **DISMISSED without prejudice**.

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the

grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). A case dismissed as an "abuse of the judicial process" counts as a strike under 28 U.S.C. § 1915(g). *Rivera v. Allin,* 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199 (2007) (holding that dismissal of case for abuse of judicial process when plaintiff "lied under penalty of perjury about the existence of a prior lawsuit," counts as a strike even if the court "may not have uttered the words 'frivolous' or 'malicious'"). In fact, a "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting Section 1915(g)." *Id*. (citations omitted). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited. Leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed numerous federal lawsuits (not including habeas petitions) and that at least three of his complaints or appeals have been dismissed for failure to state a claim or for abuse of the judicial process. *See* ECF No. 14 in *Morrall v. Sprayberry,* 4:20-cv-270-HLM-WEJ (N.D. Ga. Dec. 30, 2020) (order considering objections and determining that, as stated in previous order at ECF No. 11, Plaintiff's action fails to state a claim upon which relief may be granted); ECF No. 8 in *Morrall v. Sprayberry*, 4:20-cv-239-HLM-WEJ (N.D. Ga. Nov. 30, 2020) (order adopting

recommendation to dismiss due to plaintiff's abuse of judicial process in failing to disclose litigation history); ECF No. 12 in *Morrall v. Sprayberry*, No. 4:20-cv-171-HLM (N.D. Ga. Sept. 2, 2020) (order adopting recommendation to dismiss for failure to state a claim upon which relief may be granted); and ECF No. 7 in *Morrall v. Sprayberry*, 4:19-cv-122-WMR (N.D. Ga. Sept. 3, 2019) (order adopting recommendation to dismiss for failure to state a claim upon which relief may be granted). Plaintiff is thus barred from prosecuting this action *in forma pauperis* unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Att'y Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is 'serious physical injury.'" *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff's complaints involve his criminal conviction. Specifically, he states that Assistant District Attorney Sandra Matson presented false evidence in his criminal case and District Attorney Anita Howard "has done nothing to adjudicate the crime of using false evidence to convict." ECF No. 1 at 5. Plaintiff has not alleged an "imminent danger

3

of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff, therefore, may not proceed *in forma pauperis* and his action must be dismissed without prejudice to his right to refile with pre-payment of the full $405.00 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)").

Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 20th day of June, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**